UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KIMBERLY WILLIAMS,

    Plaintiff,

    v.

UNION PACIFIC RAILROAD COMPANY,

    Defendant.

_____/

No. C 06-4434 PJH

**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR LEAVE TO AMEND; GRANTING MOTION FOR REMAND**

Plaintiff's motion for leave to amend her complaint to join non-diverse defendants and for remand came on hearing before this court on January 17, 2007. Plaintiff, Kimberly Williams, appeared through her counsel, Randall Aiman-Smith and Reed Marcy. Defendant, Union Pacific Railroad Company, appeared through its counsel, Robert Zaletel. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS plaintiff's motion for leave to amend her complaint to John Pinter, DENIES without prejudice plaintiff's motion for leave to amend her complaint to join J.P. Wolfe, Daniel Shudak, James Davis, and Chad Wilbourn, and GRANTS plaintiff's motion for remand for the reasons summarized as follows:

    Before filing a civil action alleging violations of the California Fair Employment and Housing Act (FEHA), Government Code § 12940, a party first must exhaust his or her administrative remedies by filing an administrative charge with the Department of Fair Employment and Housing (DFEH). See Section § 12960. The charge must state the name of the person or entity alleged to have committed the unlawful act. See Valdez v. City of Los Angeles, 47 Cal.App.4th 1043, 1060 (1991). Because administrative charges are initiated by individuals who are generally unassisted by counsel, courts liberally construe

their language. See <u>Kaplan v. Int'l Alliance of Theatrical & Stage Employees</u>, 248 F. 3d 931 (9th Cir. 1975). The allegations in a subsequently filed civil complaint need not be identical to the administrative charge, but must be like or reasonably related to the allegations of the administrative charge filed with DFEH. See <u>B.K.B. v. Maui Police Department</u>, 276 F.3d 1091, 1100 (9th Cir. 2002) (subject matter jurisdiction extends over all allegations of discrimination that fall within the scope of the actual EEOC investigation or an investigation which can reasonably be expected to grow out of an EEOC charge). Here, although plaintiff's two DFEH charges lack significant detail, the second DFEH charge does identify John Pinter and alleges that he used racial slurs towards her as well as engaged in conduct that can be characterized as disparate treatment. See Exhibits E and F, Zaletel Declaration. The allegation that John Pinter used racial slurs is broad enough to be legitimately construed as a claim for discrimination or harassment based on a hostile work environment. Accordingly, plaintiff's motion for leave to amend her complaint to join John Pinter and to pursue claims of discrimination and harassment against him is GRANTED.

Although defendant urges the court to determine in addition whether joinder of J.P. Wolfe, Daniel Shudak, James Davis, and Chad Wilbourn is also proper, the court declines to do so finding that their joinder is more appropriately addressed by the state court to whom this matter is being remanded. Accordingly, plaintiff's motion to join these individuals as defendants is DENIED without prejudice to plaintiff's ability to raise the issue with the trial court.

It is undisputed that plaintiff and John Pinter are citizens of California. Accordingly, with Pinter's joinder there is not complete diversity and on this basis alone, remand to the Alameda County Superior Court must be and is GRANTED.

**IT IS SO ORDERED**

Dated: February 1, 2007

PHYLLIS J. HAMILTON
United States District Judge